PRESIDENT & DIRECTORS OF THE INS. CO. OF NORTH AMERICA *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RY. CO.

SAME *v.* SAME.

SAME *v.* SAME.

*(Circuit Court, E. D. Missouri. 1882.)*

COMMON CARRIER—FREIGHT—LOSS BY NEGLIGENCE.

Although the shipment of cotton in open flat cars may not be in itself such negligence as would make the carrier liable under all contingencies, yet, when such shipment is made, there is devolved on the carrier the duty to take additional precautions for the protection and safety of the cotton.

Trial by the Court without a Jury.

Three cases were brought by the plaintiff, an insurance company, against the defendant, a railway company, to recover damages for loss of cotton while in charge of defendant, as carrier, while being transported over its line on open flat cars. The insurance company had been subrogated to the rights of the several consignees by payment of their claims under their policies of insurance.

*Robert Harrison,* for plaintiff.

*Portis & Pike,* for defendant.

TREAT, D. J. These cases were heard at the same time, and rest mainly on the same general principles. Some of the evidence introduced was incompetent, it being merely hearsay, as contradistinguished from " verbal facts." Discarding all such, the main question decisive of the cases is as to defendant's negligence. Although the shipment of cotton on open or flat cars may not be in itself such an act of negligence as would make the carrier liable under all contingencies, yet, when such shipment is made, there is devolved upon the carrier the duty to take the additional precautions needed for the protection and safety of the cotton. In these cases it seems that not only was no such precaution taken, but that the train, in two of the cases, was hurried forward when fires were adjacent to the track, or sufficiently so to render it more than probable that so inflammable an article would be ignited and destroyed. In the other case, the negligence, although not so gross, was extremely culpable. It is admitted that if the loss was caused by defendant's negligence the plaintiff must recover. It is unnecessary to consider what effect, if any, the Texas statute would have upon the exemptions in the bills of lading against loss by fire, so far as the defendant is concerned. Rev. St. Texas, 1879, p. 48.

Judgments for the plaintiff will be entered for the respective amounts, with interest at the rate of 6 per cent. per year from January 10, 1877, with costs.